**Vernon D. WILSON, Jr.,**
**Plaintiff–Appellant,**

v.

**Officer WEISNER, aka Officer Weasner, Defendant–Appellee.**

**No. 01–1545.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 22, 2002.*

Decided Aug. 1, 2002.

Before FAIRCHILD, ROVNER, and EVANS, Circuit Judges.

### ORDER

Vernon Wilson, a 46–year–old inmate at the Wabash Correctional Facility, filed this *pro se* lawsuit under 42 U.S.C. § 1983 against two prison officials because of injuries he sustained while incarcerated at the Westville Correctional Facility in Westville, Indiana. Wilson alleged that the defendants violated his Eighth Amendment right to be free of cruel and unusual punishment when, because of their deliberate indifference, he suffered two accidental falls that caused him injuries to his back, neck, legs and buttocks. The district court dismissed the claims against one of the prison officials, as well as the claims related to the first fall. The court subsequently granted summary judgment in favor of the other official, Officer David Weisner on the remaining claim. Wilson appeals, and specifically challenges the district court's decision to grant summary judgment be-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal *is* submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

fore Weisner had responded to his discovery requests. We vacate and remand.

In May 1998 Wilson sat on a defective chair and fell when it collapsed under him, causing injury to his back. Wilson was examined by a doctor, treated for his injury, and given crutches to help him walk. The following day, while being escorted on crutches to a follow-up medical appointment, Wilson informed Weisner that he was supposed to be transported by wheelchair. Weisner asked a nurse to consult Wilson's medical records and confirm whether the doctor had prescribed wheelchair use. The nurse determined that only crutches had been ordered, and informed Weisner that Wilson did not have permission to use a wheelchair. Weisner then told Wilson that he would have to walk to his appointment using crutches.

The parties disagree about what happened next. Wilson asserts in an affidavit that both he and medical personnel informed Weisner that the doctor had recommended that he avoid stairs on crutches, and that he instead use a wheelchair or ramp. Nevertheless, Wilson asserts, when they reached a stairwell, Weisner utterly disregarded Wilson's needs for accommodation of his injury, and ordered him down a flight of 10 to 12 stairs on crutches, stating:

> I don't give a damn what the doctor said. I'm running this. I'm not gonna get you no wheelchair. You're not going down no ramp. You're going down these stairs. Now! The doctor wants to see you.

As Wilson attempted to descend, he fell from the top of the stairs, resulting in painful injuries that required several weeks' hospitalization for recovery.

Weisner presented a different version of the events. He asserts in his own affidavit that after he confirmed the absence of a wheelchair order, Wilson became angry and stated that he would sue Weisner and everyone else when he fell. Then, at the top of a stairwell, Wilson let go of his crutches, slid down the stairway while leaning against the wall, and on the last step fell face forward to the ground.

Wilson filed a *pro se* complaint alleging that the Westville Correctional Facility superintendent and Weisner were responsible for his fall from the chair and his subsequent tumble down the stairwell, thereby violating his Eighth Amendment right to freedom from cruel and unusual punishment. The district court screened Wilson's complaint pursuant to 28 U.S.C. § 1915 and dismissed Wilson's claim based on his fall from the chair, dismissed the prison superintendent as a defendant in the case, and granted Wilson leave to proceed against Weisner on the claim of falling down the stairs.

A flurry of discovery motions ensued, beginning in February 2000 with the court's order that written discovery be completed by August 18. Wilson served defense counsel with a first set of interrogatories on July 25, and a request for production of documents three days later. In response, Weisner filed a motion for a protective order relieving him from any requirement that he respond to Wilson's discovery requests, because to do so would extend the date for completing discovery beyond the court's August deadline. The district court denied Weisner's motion and extended the discovery deadline to mid-October, giving Weisner 30 days to respond to Wilson's discovery requests. But Weisner never complied. One month after the discovery deadline had passed, Weisner moved for summary judgment. On December 1, Wilson filed a motion to compel discovery. Three weeks later, the court had not yet ruled on the motion, so Wilson opted to file a brief and affidavit

opposing Weisner's summary judgment motion.

The district court granted summary judgment, concluding that Wilson failed to establish a genuine issue of material fact as to whether Weisner acted with deliberate indifference when refusing to provide him with a wheelchair. The court then denied Wilson's motion to compel as moot, noting Wilson's failure to state that he needed Weisner's discovery responses in order to defend against summary judgment. The district court added that Wilson failed to file his discovery requests with the court, and reasoned that without them, the court could not evaluate how Weisner's discovery responses would impact the summary judgment inquiry. This timely appeal follows.

We review the district court's award of summary judgment *de novo* and will construe the evidence and all reasonable inferences in the light most favorable to Wilson, the non-moving party. *See Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir.2000). Summary judgment is appropriate if there is no genuine issue as to any material fact and Weisner is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

The Eighth Amendment, in its prohibition of "cruel and unusual punishments." imposes duties on prison officials to provide humane conditions of confinement, such as requiring officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison officials violate the Eighth Amendment if they know of and disregard a substantial risk of serious harm to inmate health or safety, or in other words are deliberately indifferent to the risk of harm. *See id.* at 847. Whether a prison official had the requisite knowledge of a substantial risk is a question of

fact that a factfinder can infer from circumstantial evidence, including evidence that the risk was obvious. *Id.* at 842.

To survive summary judgment, Wilson needed to establish the existence of a genuine issue of fact of whether Weisner acted with deliberate indifference when he ordered Wilson to use the stairs. The district court concluded that Wilson's evidence failed to identify a disputed factual issue regarding Weisner's actions. According to the court, Wilson failed to contradict Weisner's assertions that he, Weisner, did not order Wilson down the stairs until after confirming that no wheelchair prescription existed. Moreover, Weisner corroborated his version of events by submitting a sworn declaration by the nurse who checked Wilson's medical record for a wheelchair order and then informed Weisner that no such order existed. Based on this uncontroverted evidence, the district court concluded that no reasonable trier of fact could find that Weisner knew of and disregarded an excessive risk to Wilson's health and safety when, relying on the medical judgment of Wilson's doctors, he refused to transport Wilson in a wheelchair. Accordingly, the district court entered a final judgment against Wilson.

On appeal Wilson argues that the court failed to evaluate the alternate inquiry he advanced to establish an issue of fact regarding Weisner's actions, namely whether the risk posed by forcing Wilson down those stairs on crutches was so obvious as to create an inference of Weisner's deliberate indifference. Wilson argues that, regardless of whether he had a doctor's permission to use a wheelchair. it was obviously unsafe for him to attempt to descend the stairs on crutches. For instance, the record shows that Weisner knew Wilson had a back injury and could see that he needed crutches to walk, but nevertheless insisted that he use the

stairs, ignoring Wilson's pleas to use an alternate route that contained a ramp. Moreover, Weisner admits that Wilson threatened to sue him when he fell, thereby alerting Weisner to the possibility that Wilson might fall. Wilson argues that these uncontroverted facts are sufficient to give rise to the inference that Weisner was aware that he was placing Wilson in serious danger by making him walk down stairs while on crutches.

 Wilson also argues that the district court should have directed completion of discovery before ruling on Weisner's summary judgment motion. He notes that, despite the district court's assertion to the contrary, the court had copies of his discovery requests because they were attached to Weisner's motion for a protective order and therefore were already a part of the record. (R. 30) Although these documents were in fact available to the court, the court assumed (incorrectly) that they had never been filed, and consequently concluded that Wilson had failed to show how his discovery requests might influence the summary judgment inquiry. The district court's discovery decisions are reviewed for abuse of discretion, and we will not reverse the court's decision denying a motion to compel discovery absent a clear showing that the denial resulted in actual and substantial prejudice to Wilson. *See Searls v. Glasser,* 64 F.3d 1061, 1068 (7th Cir.1995).

Although the district court ordinarily would direct completion of discovery before ruling on a summary judgment motion, in this case it diverged from its usual practice because Wilson had technically failed to file the discovery requests with the court. Setting aside the notion that the discovery requests were made part of

the record when Weisner attached them as exhibits to his motion for a protective order, we note Wilson's pleadings should be held to less exacting standards than those prepared by counsel, and his failure to attach these requests to his motion to compel should not be fatal to his claim. *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir.1998) ("The essence of liberal construction is to give the pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."). Wilson's motion to compel clearly identified the particular discovery requests as his interrogatories and his request for production of documents. Moreover the district court presumably reviewed Weisner's motion for a protective order (which attached Wilson's discovery requests) prior to ruling on it. Since Wilson's motion to compel clearly identified discovery requests that were readily available in the record, we cannot agree that Wilson's failure to file duplicative copies of his discovery requests thwarted the court's ability to evaluate the impact that discovery responses would have on the summary judgment inquiry.

Not only did Wilson file a motion to compel discovery, but three weeks later he also filed an affidavit with the court reiterating his need for discovery to defend against Weisner's summary judgment motion. In this affidavit Wilson plainly stated that he needed evidence responsive to his outstanding discovery requests.[1] such as sworn statements from his doctor and witnesses to his accident, as well as photographs of the stairwell. Although Wilson may not have clearly explained how this evidence would have supported his case, we can easily see how it could raise a material issue of fact as to whether the

---

**1.** We liberally construe this affidavit as requesting a continuance to permit further discovery. *See* Fed.R.Civ.P. 56(f).

stairs were objectively dangerous to a person on crutches. For example, Wilson requested a photograph of the stairwell. From this photograph a fact-finder could draw an inference as to the obviousness of the risk the stairs posed to inmates on crutches. Without such evidence to defend against summary judgment, Wilson would be substantially prejudiced in his lawsuit.

Although we give great deference to a district court's discovery decisions, we find the court abused its discretion in failing to review Wilson's discovery requests before dismissing his motion to compel as moot. Furthermore, we do not know if the court would have decided things differently if it had recognized that Wilson's claim of deliberate indifference rested on more than Weisner's failure to provide a wheelchair. The court explicitly stated that ordinarily it would direct completion of discovery before ruling on a summary judgment motion, and we cannot say that the discovery Wilson requested was irrelevant to the inquiry.

We find that Wilson may have raised triable issues concerning Weisner's awareness of the dangers in transporting him down the stairs on crutches. If Wilson were permitted to obtain discovery, a jury relying on circumstantial evidence might reasonably conclude that Weisner knew of a substantial risk that Wilson could not make it down the steps without falling, but acted with deliberate indifference by refusing to provide an alternate route. *See Higgins v. Corr. Med. Servs. of Ill., Inc.,* 178 F.3d 508, 511 (7th Cir.1999) ("plaintiff may establish subjective awareness of risk by proof of its obviousness"); *Pavlick v. Mifflin,* 90 F.3d 205, 209 & n. 5 (7th Cir.1996) (knowledge of risk may be in-ferred if obvious to a reasonable person). In his motion for summary judgment, Weisner never addressed this element of Wilson's claim, and the district court apparently overlooked it in granting a final judgment in favor of Weisner. We therefore conclude that the district court's grant of summary judgment was improper and we remand for further proceedings.

For the foregoing reasons, the district court's judgment is VACATED, and the case is REMANDED for further proceedings consistent with this order.